UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Life Funding Options, Inc., <br><br>　　　　Plaintiff, <br><br>vs. <br><br>Latonya Lynn Blunt, <br><br>　　　　Defendant. <br>_____ <br><br>Latonya Lynn Blunt, <br><br>　　　　Third-Party Plaintiff, <br><br>v. <br><br>SoBell Ridge Corp.; Katherine Snyder; Mark Corbett; Upstate Law Group; BAIC, Inc.; Andrew Gamber; Candy Kern-Fuller; Life Funding Options, Inc.; VFG, Inc.; Michelle Plant; Performance Abitage Company, <br><br>　　　　Third-Party Defendants <br>_____ | C/A No. 16:18-cv-00944-DCC-KFM <br><br><br><br>ORDER |

This matter is before the Court on Third-P)arty Defendants Candy Kern-Fuller and Upstate Law Group's Motion for Dismiss. ECF No. 41. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").

On February 26, 2018, Life Funding Options, Inc. ("LFO") filed a summons and complaint in the Greenville County Court of Common Pleas against Latonya Lynn Blunt ("Blunt"), alleging claims for breach of contract, specific performance, constructive trust,

conversion, and unjust enrichment. ECF No. 1-1. On April 6, 2018, Blunt removed this case to federal court based on subject matter and diversity jurisdiction. ECF No. 1. On May 7, 2018, LFO filed an amended complaint. ECF No. 10. On May 21, 2018, Blunt filed an answer to the amended complaint along with counterclaims and a third-party complaint seeking a declaratory judgment that LFO's and the Third-Party Defendants' conduct violates the Federal Anti-Assignments Act and causes of action for violation of the Racketeer Influenced Corrupt Organizations Act and for common law civil conspiracy. ECF No. 19. On August 16, 2018, Third-Party Defendants Kern-Fuller and Upstate Law Group filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 41. On August 30, 2018, Blunt filed her response in opposition. ECF No. 43. On January 30, 2019, the Magistrate Judge issued a Report recommending that the Motion to Dismiss be denied. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. No party has filed such objections, and the time to do so has passed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. 636(b). The Court will

review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation that the Motion to Dismiss be denied. Accordingly, the Court adopts the Report by reference in this Order. The Motion to Dismiss [41] is denied.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

March 5, 2019
Spartanburg, South Carolina